AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 11-mj-6167-BSS |
| **EMERSON SAGASTUME** | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 24, 2011 _____ in the county of _____ Broward _____ in the _ Southern _ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(4) | On or about March 24, 2011, the defendant did knowingly possess matter that contained a visual depiction that had been transported using any means and facility of interstate and foreign commerce, and the production of which involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B). |

This criminal complaint is based on these facts:

**Please see attached affidavit**

FILED by _____ D.C.

**MAR 2 5 2011**

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD

☑ Continued on the attached sheet.

_____
_Complainant's Signature_

Emily A. Shoupe, Special Agent, ICE
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __3/25/2011__

_____
_Judge's signature_

City and state: _____ Fort Lauderdale, Florida _____

BARRY S. SELTZER, US MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT

I, Emily A. Shoupe, a Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Special Agent in Charge Office, Miami, Fl., being duly sworn, depose and state as follows:

1.      I have been employed as a Special Agent of ICE since May 2009. While employed by ICE, I have investigated federal criminal violations related to the sexual exploitation of minors, including, but not limited, to the production, possession and distribution of child pornography.

2.      This affidavit is submitted in support of a criminal complaint charging EMERSON SAGASTUME, hereafter referred to as SAGASTUME, with possession of child pornography in that he did knowingly possess matter, that is, computer files stored on a computer hard drive and storage media, that contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and the production of which involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

3.      The information contained in this affidavit is based on my investigation of this matter, as well as based upon my training and experience and the training and experience of other law enforcement officers. Since this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not contain all of the information known to me or other law enforcement officers involved in this investigation.

4.      On December 28, 2010, using Internet-available peer-to-peer software, I established a direct connection with a computer using IP address 174.48.30.92 (hereinafter the "Target IP Address") and downloaded three (3) movie files from that computer. The downloaded

movie files contained child notable material.  Similarly, on December 29, 2010, I established a direct connection with the Target IP Address and downloaded nine (9) additional movie files containing child notable material. This second connection and download brings the final number of movie files received from the Target IP Address to twelve (12).  All of the files I downloaded bore file names containing phrases known to me to be regularly used by traders of child pornography to denote files containing child pornography.  For example, many of the file names, as detailed below, contained phrases like "PTHC" and "pedo."

   5. After downloading the files, I reviewed the files and determined that all twelve (12) of the downloaded files contained sexually explicit images of minor children.  The file names and contents are as follows:

   a. "pthc Pedoland Frifam cascra_03fuck": A forty-seven (47) second video in which an adult male inserts his penis into the vagina of a female child.  The child's face is not displayed, however based on the development of her pelvic area, the child appears to be approximately seven (7) to nine (9) years old.

   b. "pthc Pedoland Frifam 2010 9yo-SuziQ-Wagging the wiener": A thirty-nine (39) second video in which a female child, who appears to be approximately nine (9) years old, performs oral sex on and masturbates an adult male.  The Target IP address contains several videos containing this particular female child, identified in the video titles as "SuziQ."

   c. "pthc Pedoland Frifam 9yo Kelly":  A thirty-one (31) second video in which an individual performs oral sex on a female child who appears to be approximately seven (7) to nine (9) years old.

d.    "pthc Pedoland Frifam 7yo Nina - Part 2": A video in which a female child, who appears to be approximately six (6) to seven (7) years old, is lying naked on a bed or sofa. An adult male positions her on her back and faces a bright light towards the child. The male then inserts his penis into the female child's mouth. The male then masturbates into the child's mouth but does not ejaculate. The male then moves his penis from the child's mouth down her torso, at which time the movie ends.

e.    "12yo Girls Raped By Daddy - Preteen - Child Pornography - Illegal - PTHC - Pedo - R@ygold - Babyshvid - KDQuality - Zadoom - Lolita - QWERTY - ChildFugga - Ddoggprn": A one minute and forty-nine (1:49) second video in which an adult male engages in sexual intercourse with two females who appear to be approximately twelve (12) to fourteen (14) years old.

f.    "pthc Pedoland Frifam a_serie(dad-and-mom-fuck-7yold) Very Good!!": A video in which an adult male inserts his penis into the vagina of a female child, who appears to be approximately seven (7) years old. In the video, the male is assisted by an adult female.

g.    "pthc Pedoland Frifam 2010 9yo-SuziQ-Too Tight": A thirty-nine (39) second video containing a female child, who appears to be approximately nine (9) years old, previously identified as "SuziQ." An adult male inserts his penis into the child's vagina.

h.    "pthc Pedoland Frifam 2010 9yo-SuziQ-00a": A forty-eight (48) second video in which a female child, who appears to be approximately nine (9) years old, previously identified as "SuziQ," undresses in a provocative manner.

i.    "(Children-sf-1man) Pthc - Barbara (12Yo) - Two Lolite and one Children Fuck With man - Vid": A sixteen (16) minute and twenty (20) second video in which a female

child who appears to be approximately ten (10) to (11) years old, performs oral sex on adult male. The adult male then inserts his penis into the female's vagina. A second female child, who appears to be approximately twelve (12) years old, also performs oral sex on an adult male. The adult male then inserts his penis into the second female's vagina. The male also inserts foreign objects into the second female child's vagina and rectum. The male also inserts his finger into the child's rectum.

j.     "pthc Pedoland Frifam 2010 9yo-SuziQ-09": A fifty-four (54) second video containing a female child, who appears to be approximately nine (9) years old, previously identified as "SuziQ." An adult male inserts his fingers into the child's vagina.

k.     "pthc Pedoland Frifam 2010 9yo-SuziQ-06-fingers": A one minute and twenty-two (1:22) second video in which a female child, who appears to be approximately 9 years old, previously identified as "SuziQ," inserts her fingers into her vagina. An adult hand enters the screen and also insets his fingers into the child's vagina.

l.     "pthc Pedoland Frifam 2010 9yo-SuziQ-Loving it": An eight (8) second video displaying an adult finger being inserted into the vagina of a minor female child. The child's face is not displayed.

6.     A search of the publicly-available online database indicated that IP address 174.48.30.92 resolved back to an Internet Service Provider (ISP) issued by Comcast Cable Communications. Records from Comcast Cable Communications revealed that, on the date and time when the files were downloaded, the IP address from which the files were downloaded was assigned to an account registered to G.S. at 326 Wilson St., Apt 203, Hollywood, FL 33019.

7.    On March 17, 2011, the Honorable Robin S. Rosenbaum, United States Magistrate Judge, United States District Court for) the Southern District of Florida, signed a search warrant authorizing me to search the Wilson Street residence and the curtilage thereto and all vehicles and computers and storage media located therein for all visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and any mechanism capable of being used for the receipt or storage of the same, as well as related evidence.

8.    On March 24, 2011, at approximately 6:00 a.m., I, along with several other law enforcement officers, arrived at the Wilson Street residence to execute the aforementioned search warrant. Law enforcement officers knocked on the front door to the Wilson Street residence but nobody answered. Law enforcement officers then spoke to a neighbor who stated that G.S. had moved from the Wilson Street residence earlier that week. Law enforcement officers then entered the home and observed that it appeared to be vacant.

9.    After briefly speaking by phone with G.S., law enforcement officers accessed the Broward County Property Appraiser's website to search property records for G.S. According to the website, G.S. is the registered owner of a residence location at 2201 South Ocean Drive, Unit #404, in Hollywood, Florida ("the Residence"). Law enforcement responded immediately to the Residence.

10.    At approximately 6:35 a.m., I knocked on the front door of the Residence. SAGASTUME, who I recognized as G.S.'s son from his driver license photograph, answered the door. I identified myself as a law enforcement officer and informed him that I was at the Residence because I had reason to believe that child pornography was contained inside G.S.'s

previous address. SAGASTUME stated that his father was not home. He also stated that he and his father use separate computers. He further claimed that his computer had broken and that he had thrown it out. Moments later, SAGASTUME stated that he wanted to contact his father by phone.

11.     At approximately 6:50 a.m., G.S. arrived at the Residence. G.S. consented to agents entering his home to speak about the investigation. While inside the home, I informed G.S. about the nature of my investigation. G.S. claimed that he used an Apple laptop with an AT&T air card. He further stated that his son used a separate computer with Comcast as its internet service provider. He stated that his son last used the son's computer the previous evening. G.S. then consented to a search of his an Apple laptop computer.

12.     While speaking to G.S., law enforcement officers observed SAGASTUME exit a bathroom inside the home carrying an HP DV6-3132 laptop computer, which the agents observed was on. SAGASTUME consented to a search of his computer as well.

13.     A preview revealed that a mass deletion of child pornography videos was conducted on the computer during the time that SAGASTUME was in the bathroom with his computer. The forensic agents were able to recover some deleted videos and observe that they contained minors engaged in sexually explicit conduct.

14.     During an ensuing interview inside the home, SAGASTUME admitted that he knowingly downloaded child pornography onto his HP DV6-3132 laptop computer. He admitted that he used the search term "PTHC," an acronym known by me as a commonly used search term for child pornography meaning "pre-teen hard core." He stated that he only downloaded child pornography videos that contained images of girls. He acknowledged that he had started

downloading child pornography about eight months ago.   SAGASTUME further admitted that he had exclusive access to his computer through the use of a fingerprint swipe device. He also denied allowing anyone else to use his computer.  I then showed him the file names of the following two files containing child pornography that I had downloaded in December 2010: "pthc Pedoland Frifam casera_03fuck" and "pthc Pedoland Frifam 2010 9yo-SuziQ-Wagging the wiener."  SAGASTUME stated that the file names sounded familiar.

15.    Based upon the images of child pornography found on the HP DV6-3132 laptop computer on March 24, 2011, I submit that there is probable cause to believe that, on March 24, 2011, SAGASTUME did knowingly possess matter, that is, computer files stored on a computer hard drive and storage media, that contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and the production of which involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

FURTHER YOUR AFFIANT SAYETH NOT.

Emily A. Shoupe
Special Agent
Immigration and Customs Enforcement

Sworn and subscribed to before me
this 25th day of March, 2011.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

-7-